## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

ROBERT L BROWN #133783                        CASE NO.  5:19-CV-00386 SEC P

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

POLICE DEPT CITY OF SHREVEPORT ET             MAGISTRATE JUDGE KAREN L.
AL                                            HAYES

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion

for summary judgment filed by Shreveport Police Cpl. LaBrian Marsden and Shreveport Police

Cpl. Phillip Tucker. For reasons assigned below, it is recommended that the motion be GRANTED

and the claims be DISMISSED, WITH PREJUDICE.

### Background

This is a Section 1983 excessive force case brought by Robert L. Brown, proceeding pro

se and in forma pauperis. Brown filed suit on March 27, 2019, alleging claims of excessive force

because of a dog bite. Specifically, in his original complaint Brown claimed a "police officer"

allowed the police dog to attack him after he "became vulnerable in the surrender position." [doc.

# 1, p. 3]. Given that Officer Marsden was the only officer named in the original complaint, it

initially appeared Brown thought Marsden released the dog. On May 29, 2019, Brown filed an

amended complaint in which he distinguished between Officer Marsden and the "K-9 Officer."[1]

---

[1] From the second amended complaint, it is unclear whether Brown is suing the "canine officer" or the dog itself. As pointed out in the July 16, 2019, Report and Recommendation, a police dog is not a person under 42 U.S.C. 1983, and any claim against the dog should be dismissed. [doc. # 12, p. 6].

1

[doc. # 12]. On July 15, 2019, Brown filed his second amended pleading, which voluntarily dismissed allegations against the other defendants originally named. [doc. # 15].

On July 19, 2019, the undersigned issued a report and recommendation recommending dismissal of all claims except for Brown's excessive force claim against Officer Marsden. [doc. # 16]. The undersigned did not address the failure to intervene claim that was briefly mentioned in the first amended complaint. [doc. # 12, p. 1]. The defendants answered and added Officer Tucker to the suit in place of the K-9 Officer. [doc. # 20]. It is evident defendants thought the K-9 Officer named in the amended complaint referred to Tucker, the handler of the dog, and not the dog itself.

On February 10, 2020, Tucker and Marsden filed their motion for summary judgment. [doc. # 32]. Per the notice of motion setting, Brown had until March 4, 2020, to file an opposition. [doc. # 33]. He did not, meaning the matter is ripe.

## Law and Analysis

### A.  Summary judgment

Summary judgment is appropriate when the evidence before the court shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden in a motion for summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits that no genuine issue of material fact exists. *Celotex Corp. v. Cattrett*, 477 U.S.

2

317, 323 (1986). Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital Dus, Inc.*, 66 F.3d 89 (5th Cir. 1995). In this case, the plaintiff has failed to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of an opposition to the motion, this Court must accept the evidence presented by the defendant and the statement of undisputed facts as true. *Celotex Corp.*, 477 U.S. at 317. Thus, for purposes of this motion, those facts are deemed admitted.

**B. Relevant facts**

The undisputed material facts are as follows:

1. On January 15, 2019, at approximately 12:04 a.m., Plaintiff Robert Brown was burglarizing the Subway restaurant located at 9252 Mansfield Road, Shreveport, Louisiana.

2. Shreveport Police Officers were dispatched to the Subway in reference to a silent burglar alarm.

3.  The alarm company informed SPD dispatch that two male suspects could be heard inside of the Subway talking, and some crashing and banging noises could be heard from inside of the business. They also advised that one of the suspects could be heard saying, "we've been in here too long, it's time to go."

4.  Officers arrived at the scene and witnessed a white male, later identified as Robert Brown, attempting to exit the building from the rear door, but Brown quickly ran back inside the building when he saw the patrol car.

5.  Cpl. LaBrian Marsden and Cpl. Philip Tucker arrived at the scene and approached the rear door with K-9 "Cairo," and opened the rear door of the business.

6.  While opening the door, the officers heard a crash and believed the suspects were by the door. Cpl. Tucker issued a verbal warning to the suspects: "stop or I will send my dog."

7.  After opening the door, the officers realize the "crash" was in the ceiling. Cpl. Tucker loudly gave instructions that a canine was present and they were going to search the building.

8.  Cpl. Marsden and Cpl. Tucker began to move through the building and could hear movement in the ceiling.

9.  The officers gave verbal commands for the suspect to come down, but the suspect failed to acknowledge their commands and continued moving across the ceiling of the Subway.

10. Plaintiff was attempting to conceal himself from the police by hiding in the ceiling of the Subway.

11. Plaintiff was attempting to evade arrest by ignoring the officers' verbal warnings to stop moving and come down.

12. While attempting to escape the building through the ceiling, Plaintiff fell through the ceiling and fell approximately 10 feet to the floor.

13. At the time Plaintiff crashed through the ceiling, he had not been identified by officers or searched for weapons.

14. K-9 "Cairo" engaged Plaintiff and bit him on the upper left arm.

15. Cpl. Tucker released "Cairo" after Plaintiff was handcuffed.

4

16. K-9 "Cairo" did not bite Plaintiff after he was released, and no other force was used against Plaintiff.

17. The only injury suffered by Plaintiff as a result of the actions of any member of the Shreveport Police Department was the dog bite on his left arm. The dog bite was treated by cleaning and bandaging; no sutures were required.

18. The injuries to Plaintiff's feet occurred as a result of his own negligent and criminal actions, not as a result of any actions by any member of the Shreveport Police Department.

19. The use of K-9 "Cairo" to subdue and apprehend Plaintiff was not "clearly excessive" or "clearly unreasonable."

## C. Discussion

To prevail on an excessive force claim, a plaintiff must establish "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012), quoting *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).

In the case *sub judice*, the undisputed evidence shows that plaintiff simply fell from the ceiling and at no time assumed a "surrender" position. When he was arrested, Brown was in the process of burglarizing a Subway. The officers did not know whether he had weapons. It is reasonable for the officers to deploy a dog when dealing with a burglar who may be armed. Nor was the dog's bite clearly unreasonable—the facts show the dog only bit Brown after he fell through the ceiling. There was also no dog bite after Brown had been detained. Simply, the officers deployed the dog to help apprehend Brown. Once apprehended, the dog did not cause any injury to Brown, nor did the officers command the dog to injure Brown. No excessive force was used here. Other federal courts agree using a dog to apprehend fleeing suspects does not rise to the level of a constitutional violation. *See, e.g., Samrco v. Neumann*, 44 F.Supp.2d 1276, 1292 (S.D. Fl.

1999)("the use of a trained dog to apprehend fleeing or hiding felons is not inherently excessive force," even though "some injury to the suspect is likely to occur"); *Kuha v. City of Minnetonka*, 365 F.3d 590, 600 (8th Cir. 2004)("the mere use of a police dog trained to bite and hold does not rise to the level of constitutional violation"). Thus, defendants are entitled to summary judgment on this claim.

Lastly, to the extent Brown asserts a failure to intervene claim against Marsden and/or Tucker, such a claim fails because there was no excessive force. Courts generally recognize a cause of action under Section 1983 against an officer who failed to intervene in another's use of excessive force. *Gilliam v. Wise*, 14-cv-2631, 2017 WL 8897100, at *2 (W.D. La. Nov. 13, 2017)(internal quotations omitted). To hold the non-intervening officer liable, a plaintiff must show the officer (1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act. *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Having found that there was no constitutional violation, neither officer can be held liable for failure to intervene.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that LaBrian Marsden and Phillip Tucker's motion for summary judgment be **GRANTED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on the grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 16th day of March 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

7